WALTER J. DAMRON, APPELLEE, v. MARY E. NOBLES, APPELLANT.

FILED OCTOBER 31, 1913. No. 17,072.

Sales: BILL OF SALE: CONSTRUCTION: REVIEW. A written bill of sale, which described the property sold as "all of the furniture and furnishings in all the rooms (except room No. 10, and except one carpet and one bed) on the second and third floors of the building, No. 229 North Eleventh street," was construed by the district court as reserving all the furniture in room numbered 10, and, in addition thereto, reserving a carpet and bed in other parts of the house; that the only ambiguity was in the identification of the carpet and bed so reserved, and to which, over defendant's objections, the proof was limited upon the trial. *Held*, That under the oral evidence it does not sufficiently appear that the holding was erroneous.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Talbot & Allen,* for appellant.

*R. H. Hagelin* and *F. C. Foster, contra.*

REESE, C. J.

This is an action in replevin whereby plaintiff seeks

the possession of a "brass bed and one carpet, a green Wilton rug, 12x15 feet, of the value of $30." . It is to be inferred, though not shown by the record, that the suit was commenced in one of the courts having justice of the peace jurisdiction, and taken on appeal to the district court, where a jury trial was had, resulting in a verdict and judgment in favor of plaintiff. Defendant appeals.

It appears from the record before us that, on and prior to the 29th day of December, 1909, plaintiff was conducting a rooming house in the city of Lincoln, and on that date consummated a sale of certain of the furniture and furnishings therein to defendant. A bill of sale was prepared, signed by plaintiff and his wife, and delivered to defendant, who, on the first of January following took possession. The property sold is described in the bill of sale as "all of the furniture and furnishings in all the rooms (except room No. 10, and except one carpet and one bed) on the second and third floors of the building, No. 229 North Eleventh street, Lincoln, Nebraska, together with the sign on the front of said building, as set out in the inventory attached hereto and made a part hereof." There is no inventory attached to the contract shown in the record, nor is there any proof as to the floor on which room numbered 10 is situated. The result of the suit hangs upon the construction to be given to this description of the property sold. It is conceded by both parties that the description is ambiguous. By reason of that ambiguity the parties are involved in this suit, which must be a losing one to both. It is claimed by plaintiff that all the furniture and furnishings in room numbered 10 are reserved to plaintiff, and in addition thereto a carpet and bed "on the second and third floors" of the building, while it is insisted by defendant that the contract should be so construed as to except only the carpet and bed in room numbered 10. The trial court apparently adopted the view that there was no ambiguity in the provisions regarding the contents of room numbered 10, holding that all in that room was reserved, that there was no

Damron v. Nobles.

ambiguity in the clause reserving a carpet and bed, but that the ambiguity was as to which particular carpet and bed were reserved. The jury were instructed, "as a matter of law, that the bed and carpet *sold* would be one not contained in room No. 10;" that they were to determine by their verdict "whether the bed and carpet replevied are the ones agreed upon by the parties as the ones reserved by the plaintiff;" that, if they were, the finding should be in his favor; thus shutting out all defenses except that one question. Accepting the language of this carelessly and defectively written description of the property intended to be sold as that which is to govern, we cannot say but that the holding of the court was correct, although the testimony was conflicting. On the day preceding the one on which the contract was executed, and on the day when defendant, with plaintiff, inspected the property to be sold, and when the alleged reservation was first orally made, plaintiff gave written instructions to his agents to sell his entire holdings in the rooming house, saying, "We reserve the furniture in the room now occupied by us. Will give immediate possession on delivery of the bill of sale and receiving the $500 and secured papers for balance," etc. The price in this written authority was $1,400, and the sale was made for $1,435. The reservation contained in this written authority of the room occupied by plaintiff referred to room numbered 10, and no other or different one. This paper, however, was excluded by the court, on the ground that it was sought thereby to vary the terms of the contract. There was no error in this ruling.

While the writer does not fully agree with the holding of the trial court, it is probable, all things considered, that the court did not err, and that the judgment should be affirmed, which is done.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.